ARAUNAH SPEAR *v.* TRUMAN B. PECK.

A balance found due on settlement, may be charged over in a new account, and where the settlement is not impeached, may be recovered in a book action.

The county court have appellate jurisdiction, in a case where the balance charged in the new account, and the other items of charge, do not exceed one hundred dollars, though the items embraced in the settlement, and the other items, should exceed that sum.

THIS was an action of book account, appealed from a justice of the peace. There was a judgment to account and reference to an auditor.

The auditor reported that the plaintiff exhibited an account against the defendant, as follows, —

" On a settlement on book, January 28, 1841, $29.50
To 8 tons of straw,                        16.00
To use of horse, and 18 acres of land,       25.00 ;

and that it appeared before him, that the debit side of the plaintiff's account, on said settlement, exceeded one hundred dollars.

The auditor, also, reported, that the defendant exhibited an account against the plaintiff, amounting to $179, of dates anterior to said settlement ; and he reported in the alternatives—submitting to the court, among other questions, whether an action of book account could be sustained on a balance found due, on settlement. The court decided that the book action could be sustained for such balance, and rendered judgment for the plaintiff ; to which decision the defendant excepted.

The defendant, also, filed his motion to dismiss, for the cause that the debit side of the plaintiff's account exceeded one hundred dollars ; which motion was overruled by the court ; to which the defendant, also, excepted.

*W. Hebard,* for defendant.

I. The action is on book, which involves a particular inquiry into all, and every, of the items of the accounts between the parties. In this case, no such inquiry was had, but the plaintiff relies, alone, upon a balance, found due on settlement, without showing the items on which the settlement was made. R. S. 219, 220.

II. By the auditor's report, it appears that the debit side of the plaintiff's account was more than one hundred dollars, and, consequently, the justice had no jurisdiction. It also appears that the defendant's account was nearly $200.

III. Action on book will not lie on a mere balance, struck on settlement. R. S. 219, 220. 1. Because there is nothing for an auditor to do, in hearing, examining, and adjusting the accounts between the parties. R. S. 219, §3, 4. 2. Because, in this case, it is not true that the " defendant has refused, and still does refuse, to settle and adjust the account of the plaintiff." See form of declaration. 3. Because it would not be possible for the auditor to report the items of

ORANGE,
*March,*
1843.

Spear
*v.*
Peck.

the plaintiff's account, and his reasons for allowing and disallowing.   4. Because the only proper form of action on a settlement, is, *insimul computassent,* or *indeleitatus assumpsit.*   5. Because, the legislature never intended to give the plaintiff a right to swear himself, to a *settlement, to sustain a book action.*   Courts have permitted the defendant to testify to a settlement for the purpose of defeating the book action, but never the plaintiff, to sustain it..

*Araunah Spear, pro se.*

The opinion of the court was delivered by

BENNETT, J. — The defendant relies only upon two exceptions, which need only be considered.

It is said the action of book debt will not lie to recover a balance found due on settlement.   The auditor reports that the parties settled their accounts, and agreed upon the balance due, and it was charged over, in a new account.

Though assumpsit upon an account stated, is the ordinary action brought, to recover a balance found due on settlement, yet it is not uncommon to charge such balance as an item in a new account.   The case of *Gibson* v. *Sumner,* 6 Vt. R. 163, is an authority to show, that, in a case in which the settlement is not impeached, the balance found due may be recovered as an item in the account, in the book action.

It is said, that, as it appears that the plaintiff's account, when settled, was over one hundred dollars, the county court had no appellate jurisdiction.

There was no attempt in this case to impeach the settlement; and the case of *Gibson* v. *Sumner* is an authority to show, that when the balance found due, on settlement, and charged to a new account, and the other items, together, do not exceed one hundred dollars, a justice of the peace has jurisdiction, though the items settled, and the other items, added together, may exceed that sum.

In such case, the county court would, of course, have appellate jurisdiction.

The motion to dismiss, was properly overruled.

The judgment of the county court is affirmed.